IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-CV-00447-WJM-CBS

**STANDARD STEAM TRUST LLC,**
a Colorado limited liability company,

Plaintiff,

v.

**WINDFALL MINERALS, LLC,**
a Nevada limited liability company,

Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff Standard Steam Trust, LLC ("Standard Steam") and Defendant Windfall Minerals, LLC ("Windfall Minerals") agree as follows and respectfully move the Court to enter same as a Protective Order:

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

WHEREAS, certain materials obtained in the course of discovery constitute or contain personal, private, confidential, proprietary, or commercial information, as more fully discussed below;

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order regarding confidential discovery materials as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be.

1. "Confidential" or "Confidential – Attorneys' Eyes Only" (collectively, "Confidential Material") shall mean and include all papers, records, data, information and other materials produced, exchanged or disclosed by the parties and portions of such documents that contain a trade secret, confidential research, development and commercial information, classified or proprietary information belonging to it, or to others to whom an obligation of confidentiality is owed. The term "Confidential Material" shall not include information or documentation that: (a) is generally known or available or becomes generally available to the public other than as a result of a disclosure by the Recipient of the Confidential Material from the disclosing party or any of its directors, officers, employees, agents, representatives, or advisers, or those of the Recipient's parent or affiliate companies (collectively, "Representatives"); (b) was already known by or available to Recipient or its Representatives on a non-confidential basis prior to its disclosure by the disclosing party; or (c)

becomes available to Recipient or its Representatives on a non-confidential basis from a source other than the disclosing party and/or its Representatives; provided, that such source is not known by Recipient or its Representatives to be bound by a confidentiality agreement with or other obligation of secrecy to the disclosing party.

2. "Confidential Material" must be treated as confidential by all parties to this litigation and used only for the purposes of this litigation and for no other purpose. In designating information as "Confidential Material" the Designating Person will make such designation only as to that information that the Designating Person in good faith believes satisfy the definitions set forth above.

3. Confidential Material produced in the Litigation shall not be used for any press releases, commercial, business, competitive or other purpose whatsoever. Counsel for the parties will ensure that each of the attorneys or individuals associated with them and any other person to whom the Confidential Material is disclosed, disseminated or divulged pursuant to this Protective Order are familiar with and have agreed to be bound by the terms of this Confidentiality Agreement prior to disclosing, disseminating or divulging the Confidential Material to any third party.

4. Except as otherwise ordered by a court of competent jurisdiction, all Confidential Material produced in the Litigation shall be disclosed, transmitted, disseminated and used only by the following persons:

    a. If designated "Confidential":

        i. Counsel of record for the respective parties to the litigation, including their clerical or secretarial staff, upon execution of this Stipulation and Agreed Protective Order by counsel to the parties;

      ii.      The parties themselves;

      iii.     Any independent outside experts or consultants retained by any of the parties or their counsel;

      iv.     Any other person as to whom the parties may later agree in writing.

   b.    If designated "Confidential – Attorneys' Eyes Only":

      i.      Counsel of record for the respective parties to the litigation, including their clerical or secretarial staff, upon execution of this Stipulation and Agreed Protective Order by counsel to the parties;

      ii.     Any independent outside experts or consultants retained by counsel;

      iii.     Any other person as to whom the parties may later agree in writing;

      iv.     *Not* the parties themselves.

5. Prior to disclosure of any of the Confidential Material to those identified in Paragraphs 3aiii and iv and 3bii and iii above, counsel for the parties shall serve a copy of this Confidentiality Agreement and the associated Protective Order on the person to whom the Confidential Material is to be disclosed, disseminated or divulged, and have them sign an Affidavit of Compliance in the form attached hereto as **Exhibit A**.

6. Counsel for the parties or other individuals identified in this Confidentiality Agreement are restrained from using, disclosing or otherwise divulging the Confidential Material produced, as well as any information derived from the Confidential Material, except in connection with trial, discovery, depositions, and hearings in the above-captioned case.

7. With respect to documents designated as Confidential Material, any party and any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents in a deposition, hearing, or trial. If the party desires to so use the document with any other person, it must advise opposing counsel within five days prior to such

use and may use the document provided opposing counsel does not object. If there is an objection, the party desiring to use the document may schedule a call with the Magistrate Judge to resolve any dispute. The parties agree that, if such a call occurs, they will advise the Magistrate Judge that the parties have agreed, and prefer, for the sake of expediency, that the Magistrate Judge may resolve such issues in a telephone conference if the Magistrate Judge is so inclined.

8. No designation of a document as Confidential Material pursuant to this Order shall constitute a basis for withholding any document or thing from discovery.

9. Within thirty days of the termination of this action (including appeals), all Confidential Material in possession of counsel for the parties and in the possession of persons identified in Paragraph 3a and 3b above, as required by this Confidentiality Agreement, shall either be destroyed or returned to counsel for the producing party. In the event the Confidential Material in possession of counsel for the parties or in possession of persons identified in Paragraphs 3a and 3b above is to be destroyed rather than returned to the opposing party's counsel, counsel for the party electing to destroy shall provide written notice to opposing counsel that the materials are to be destroyed rather than returned.

10. If a document has been produced by a federal or state agency pursuant to a request pursuant to a federal or state open records law it is not Confidential Material and neither party may thereafter designate it as Confidential Material, unless there is a specific basis for doing so (e.g., if a party or its counsel has interlineated comments thereon).

11. If a document has been produced by a party and was not labeled as Confidential Material when produced the party may not thereafter designate it as Confidential Material unless

the party so designates it as Confidential Material within five (5) business days of the date of the original production of the document, unless the original failure to so designate was inadvertent.

12. Any party may apply to the Court, on written notice and in accordance with the Rules of Civil Procedure, for an order that a document designated as Confidential or Attorneys Eyes Only is not in fact Confidential Material as defined above.

13. Any party may apply to the Court, on written notice and in accordance with the Rules of Civil Procedure, for an order amending, modifying or vacating this Stipulated Protective Order or any provision of it.

14. All Confidential Material produced shall not be filed with the Court unless filed under seal by placing the documents and/or other information in a sealed envelope, electronically or otherwise, marked "CONFIDENTIAL — TO BE OPENED ONLY UPON FURTHER ORDER OF OR BY THE COURT." No Confidential Material produced shall be made public in any way absent the opposing party's prior written consent and/or further order of this Court.

15. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Stipulated Protective Order, nor the failure to object or take any action, shall constitute a waiver of any right of any of the parties to seek and obtain protection or relief of any kind.

16. The parties agree that any dispute, objection or matter relating in any way to or arising in connection with this Stipulated Protective Order shall be heard and decided by the United States District Court for the District of Colorado, and Colorado law shall apply.

17. If either party or any other person or entity subject to this Stipulated Protective Order violates same, then the producing party shall be entitled to seek legal or equitable remedies to obtain relief or enforce its rights. The parties agree that monetary damages would

not be a sufficient remedy for such breach. Accordingly, the parties agree that in any proceedings for equitable relief, the producing party shall not be required to prove the inadequacy or insufficiency of monetary damages as a remedy. The parties further agree to waive any requirement for a bond in connection with any injunctive or other equitable relief sought. In any such proceeding, the prevailing party, as defined by Colorado law, shall be entitled to recover from such party, person or entity, in addition to any other relief granted, all attorneys' fees and costs of suit reasonably incurred by the prevailing party in such proceeding.

Respectfully submitted this 2nd day of September, 2011.

BY: /s/ _____
Eric B. Liebman
Burkeley N. Riggs
Dean E. Richardson
Moye White LLP
1400 16th Street
Sixth Floor
Denver, Colorado 80202-1486
(303) 292-2900

ATTORNEYS FOR STANDARD STEAM TRUST LLC


BY: /s/ Karen L. Spaulding
Karen Spaulding
Williams E. Sparks
Beatty & Wozniak, P.C.
216 Sixteenth Street, Ste. 1100
Denver, CO 80202-5115
(303) 407-4499

ATTORNEYS FOR WINDFALL MINERALS, LLC

DATED at Denver, Colorado, this 19th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A

I, _____, declare that:

    1.    My _____ address _____ is _____.

    2.    My present occupation is _____, and I am currently employed by _____.

    3.    I have been retained by _____ with respect to this Litigation. A true copy of my curriculum vitae is attached (if applicable).

    4.    I have received a copy of the Protective Order in this Litigation, and have carefully read and understand its provisions.

    5.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated Confidential and/or Attorneys' Eyes Only, which I receive in this Litigation, except to the extent that such Confidential and/or Attorneys' Eyes Only information is or becomes public domain information or otherwise is not deemed Confidential and/or Attorneys' Eyes Only in accordance with the Protective Order.

    6.    I declare under the penalty of perjury that the foregoing is true and correct.

Executed:

_____
Signature

_____
Print Name

**Dated:**_____, **201_**